﻿Citation Nr: AXXXXXXXX
Decision Date: 02/13/19 Archive Date: 02/13/19

DOCKET NO. 181116-947
DATE: February 13, 2019

ORDER

Entitlement to service connection for right foot peripheral neuropathy is granted.

Entitlement to service connection for left foot peripheral neuropathy is granted.

FINDING OF FACT

The Veteran’s right and left foot peripheral neuropathy are related to his active service which includes his presumptive exposure to herbicides due to his documented service in the Republic of Vietnam during the Vietnam War.

CONCLUSION OF LAW

The criteria for service connection for right and left foot peripheral neuropathy have been met. 38 U.S.C. §§ 1110, 1116, 5107; 38 C.F.R. §§ 3.102, 3.303. 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran served on active duty from September 1968 to September 1971, including service in the Republic of Vietnam. 

The Veteran selected the Supplemental Claim lane when he submitted the RAMP election form. Accordingly, the September 2018 RAMP rating decision considered the evidence of record prior to the issuance of the RAMP rating decision. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

The Service Connection Claims

The Veteran claims he is entitled to service connection for right and left foot peripheral neuropathy because they were caused by his exposures to herbicides, including Agent Orange, during his service in the Republic of Vietnam.

Service connection is warranted where the evidence of record establishes that a particular injury or disease resulting in disability was incurred in the line of duty in the active military service or, if pre-existing such service, was aggravated thereby. 38 U.S.C. § 1110; 38 C.F.R. § 3.303. If a condition noted during service is not shown to be chronic, then generally a showing of continuity of symptomatology after service is required for service connection if the disability is one that is listed in 38 C.F.R. § 3.309. 38 C.F.R. § 3.303(b); see also Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

In addition, service connection may also be granted on the basis of a post-service initial diagnosis of a disease, where the physician relates the current condition to the period of service. 38 C.F.R. § 3.303(d). Other specifically enumerated disorders will be presumed to have been incurred in service if they manifested to a compensable degree within the first year following separation from active duty. 38 U.S.C. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309. 

In this regard, in order to establish service connection for the claimed disorders, there must be (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the current disability. See Hickson v. West, 12 Vet. App. 247, 253 (1999). 

As to herbicide exposure, VA laws and regulations provide that a Veteran who, during active military, naval, or air service, served in the Republic of Vietnam during the Vietnam war (i.e., January 9, 1962, to May 7, 1975), shall be presumed to have been exposed to an herbicide agent, unless there is affirmative evidence to the contrary. 38 U.S.C. § 1116(a)(3); 38 C.F.R. § 3.307(a)(6)(iii). The last date on which such a Veteran shall be presumed to have been exposed to an herbicide agent shall be the last date on which he served in the Republic of Vietnam during the Vietnam war period. 38 C.F.R. § 3.307. For these Vietnam Veterans, diseases associated with exposure to certain herbicide agents will be presumed to have been incurred in service even though there is no evidence of that disease during the period of service at issue. 38 U.S.C. § 1116; 38 C.F.R. §§ 3.307, 3.309. 

For purposes of applying the herbicide presumption, “service in Vietnam” includes service in the waters offshore or service in other locations if the conditions of service involved duty or visitation to Vietnam from January 9, 1962, to May 7, 1975. 38 U.S.C. § 1116(a)(3); 38 C.F.R. §§ 3.307(a)(6)(iii); 3.313(a).

The availability of presumptive service connection for a disability based on exposure to herbicides does not preclude a Veteran from establishing service connection with proof of direct causation. Stefl v. Nicholson, 21 Vet. App. 120 (2007); see also Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994).

The requirement of a current disability is “satisfied when a claimant has a disability at the time a claim for VA disability compensation is filed or during the pendency of that claim.” See McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under the laws administered by VA. VA shall consider all information and medical and lay evidence of record. 

In evaluating the evidence, the Board has been charged with the duty to assess the credibility and weight given to evidence. Davidson v. Shinseki, 581 F. 3d 1313 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F. 3d 1372 (Fed. Cir. 2007). Indeed, the Court has declared that in adjudicating a claim, the Board has the responsibility to do so. Bryan v. West, 13 Vet. App. 482, 488-89 (2000). 

In doing so, the Board is free to favor one medical opinion over another, provided it offers an adequate basis for doing so. Owens v. Brown, 7 Vet. App. 429, 433 (1995). 

Where there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

As to establishing service connection for right and left foot peripheral neuropathy based on proof of direct causation (see Stefl, supra) under 38 C.F.R. § 3.303(a), the record shows the Veteran served in the Republic of Vietnam during the Vietnam War and is therefore presumed to have herbicide exposure. See service personnel records; 38 U.S.C. § 1116(f). The record also shows the Veteran being diagnosed with right and left foot peripheral neuropathy. See, e.g., VA examination dated in April 2016. Therefore, the sole question for the Board to consider is whether there is medical evidence of a nexus between the claimed in-service disease or injury and the current disabilities. See Hickson, supra. 

In this regard, Dr. L. Bruce Ford in February 2016 and the VA examiner in April 2016 opined, in substance, that the appellant’s current right and left foot peripheral neuropathy are due to his exposure to herbicides while serving in the Republic of Vietnam. The Board finds that Dr. Ford’s and the VA examiner’s opinions are both competent and credible as well as the most probative etiology opinion of record because they were provided after a review of the record on appeal, an examination of the Veteran, and/or after a review of controlling medical literature as well as because they are not contradicted by any other medical evidence of record. See Owens, supra; Colvin v. Derwinski, 1 Vet. App. 171, 175 (1991) (VA may only consider independent medical evidence to support its findings and is not permitted to base decisions on its own unsubstantiated medical conclusions).

Therefore, given the current disabilities (i.e., peripheral neuropathy of the feet), the documented in-service injury (presumptive herbicide exposure), and the competent and credible medical opinions as to a relationship between the Veteran’s current right and left foot peripheral neuropathy and his presumptive exposure to herbicides due to his service in the Republic of Vietnam during the Vietnam War, the Board finds that the criteria for service connection for right and left foot peripheral neuropathy have been met and the appeal is granted. See 38 U.S.C. §§ 1110, 1116, 5107; 38 C.F.R. §§ 3.102, 3.303. 

 

JOHN J. CROWLEY

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Neil T. Werner, Counsel